**STANDARD OIL COMPANY OF TEXAS,**
a Division of Chevron Oil Company,
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent,

Public Service Commission of the State of New York, the Brooklyn Union Gas Company, Texaco Inc., Sunray DX Oil Company, Humble Oil & Refining Company, Lamar Hunt, Sohio Petroleum Company, and Sun Oil Company, Intervenors.

No. 9289.

United States Court of Appeals
Tenth Circuit.

March 27, 1967.

Rehearing Denied May 18, 1967.

Justin R. Wolf, Washington, D. C., Claude W. Proctor, Houston, Tex., Charles A. Case, Jr., and Wolf & Case, Washington, D. C., for petitioner.

Howard E. Wahrenbrock, Sol., Federal Power Commission, for respondent.

Kent H. Brown and Paul T. Murray, Albany, N. Y., for Public Service Commission of the State of New York, intervenor.

Barbara M. Suchow and Cullen & Dykman, Brooklyn, N. Y., for The Brooklyn Union Gas Co., intervenor.

William K. Tell, Jr., William R. Slye, and James D. Annett, Houston, Tex., for Texaco Inc., intervenor.

J. P. Greve and Homer E. McEwen, Jr., Tulsa, Okl., for Sunray DX Oil Co., intervenor.

Martin N. Erck, Houston, Tex., for Humble Oil & Refining Co., intervenor.

Robert W. Henderson and Thomas G. Crouch, Dallas, Tex., for Lamar Hunt, intervenor.

Richard F. Remmers, Oklahoma City, Okl., for Sohio Petroleum Co., intervenor.

Phillip D. Endom, New Orleans, La., Robert E. May, Francis H. Caskin, and May, Shannon & Morley, Washington, D. C., for Sun Oil Co., intervenor.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

This petition seeks review of Federal Power Commission Opinions Nos. 501 and 501-A which require the petitioner and other independent producers, all of whom were parties to the consolidated proceedings styled Amerada Petroleum Corporation, et al., Docket Nos. C162 etc., to make refunds of amounts collected under unconditioned temporary certificates in excess of the price established in Opinion No. 422.

Opinion No. 501 was entered while proceedings were pending before us for the review of Opinion No. 422. We disposed of the latter opinion and its accompanying orders in Nos. 7781 etc., Sunray DX Oil Company, et al. v. Federal Power Commission, 10 Cir., 370 F.2d 181.

In that Sunray DX decision we pointed out that the threat of refund orders inherent in Opinion No. 422 had been followed by the action taken in Opinion No. 501; that the refund question was ripe for judicial determination; and that "proper judicial administration requires that it be deferred no longer." We held that, absent considerations not there present, refunds may be ordered under § 7 only when a producer contractually undertakes to make such refunds by the acceptance of a temporary certificate containing an express refund condition.

Our decision on the refund issue was reaffirmed in Nos. 7912 etc., Pan American Petroleum Corporation, et al., v. Federal Power Commission, 10 Cir., 376 F. 2d 161.

The petition for review now before us attacks Opinions Nos. 501 and 501-A on the grounds that the Commission lacked the power to order the refunds and that the power, if existing, was not properly exercised. The Commission, without waiving its opposition to our disposition of the refund issue has moved for the severance of the issue of power from the issue of exercise of that power and for the summary disposition of the power issue. The petitioner has moved that the court "enter its Per Curiam Decision vacating and setting aside, on the basis of Opinion issued December 9, 1966, [the Sunray DX decision] * * *, Respondent's Opinion Nos. 501 and 501-A and related Orders." The Commission filed a response to the petitioner's motion and, although reasserting its position on the merits, said that "it agrees to the proposed procedure for decision."

Petitions for certiorari to review our Sunray DX decision are now pending in the United States Supreme Court. See 35 LW 3323.

We have before us 10 other petitions to review Opinions Nos. 501 and 501–A. They are:

No. 9227—Sunray DX Oil Company
No. 9287—Patchin-Wilmoth Industries, Inc.
No. 9308—Sohio Petroleum Company
No. 9310—Texaco, Inc.
No. 9311—Sun Oil Company
No. 9315—Edwin L. Cox
No. 9316—Humble Oil & Refining Company
No. 9317—Lamar Hunt
No. 9318—George H. Coates
No. 9319—Clark Fuel Producing Company

———◆———

By petitions in intervention heretofore granted, Texaco, Sunray DX, Humble, Hunt, Sohio, and Sun oppose both the motion of the Commission for a severance and the motion of Standard Oil Company of Texas for summary disposition. These intervenors assert that the grant of such motions would result in the improper fragmentation of appeals and would have the effect of depriving them of the right to be heard on the individual inequities arising from the manner in which the Commission has ordered refunds.

█ We are committed to the principle that the Commission has no power to order refunds when the temporary certificate contains no express refund provisions. Because we believe that the Commission lacks such power, we are not concerned with the exercise of the power. No good purpose would be served by granting the severance which the Commission proposes. The exercise of the power depends on the existence of the power. With commendable frankness the Commission says that we are wrong in the Sunray DX decision on refunds and that it expects the error to be rectified in the certiorari proceedings which it has brought. When and if this occurs, the time will have arrived for us to consider the individual equities.

In the ten other petitions for review of Opinions Nos. 501 and 501–A we have no motion for summary disposition like that presented here by Standard Oil Company of Texas. All petitions should receive the same treatment. Accordingly, on our own motion, we are today deciding all ten of them on the basis of this decision.

The motion of the respondent for severance is denied. The motion of the petitioner for summary disposition is granted. On the authority of Sunray DX Oil Company v. Federal Power Commission, 10 Cir., 370 F.2d 181, and Pan American Petroleum Corporation v. Federal Power Commission, 10 Cir., 376 F.2d 161, Opinions Nos. 501 and 501–A of the Federal Power Commission, and accompanying orders, are set aside and held for naught.

### ON REHEARING

PER CURIAM.

The petitioners in Nos. 9227, 9287, 9308, 9310, 9311, 9315, 9316, 9317, 9318, and 9319 and the intervenors Texaco Inc., Sunray DX Oil Company, Humble Oil & Refining Company, Lamar Hunt, Sohio Petroleum Company, and Sun Oil Company in No. 9289 have filed petitions for rehearing asking that the judgments of reversal and remand entered on March 27, 1967, be vacated and that all the cases

be held in abeyance pending Supreme Court review of No. 7781, Sunray DX Oil Company, et al. v. Federal Power Commission, 10 Cir., 370 F.2d 181.

These cases all seek review of Federal Power Commission Opinions Nos. 501 and 501–A ordering refunds of amounts collected under unconditioned temporary certificates in excess of the price established in Opinion No. 422. We reversed and remanded all the cases by an opinion filed in No. 9289, Standard Oil Company of Texas v. Federal Power Commission, and by orders entered in the other cases in accordance with that opinion. This action was taken because we had previously held that the Commission did not have the power to order such refunds.

These cases all concern (1) the power of the Federal Power Commission to order the refunds and (2) the manner of the exercise of that power. The Commission represented to us that the issue of power was severable from the issue of the exercise of the power and urged us to make summary disposition of the power issue because the same question was decided by our opinion in No. 7781, Sunray DX Oil Company v. Federal Power Commission, 10 Cir., 370 F.2d 181, which is now pending in the United States Supreme Court on the Commission's petition for certiorari. In the belief that prompt disposition of these cases would be proper and might aid in the resolution of the question by the United States Supreme Court because these cases present no jurisdictional problem although the Sunray DX case now pending on application for certiorari has jurisdictional questions raised by the Commission, we disposed of all of them by an opinion rendered in No. 9289, Standard Oil Company of Texas v. Federal Power Commission, and by appropriate orders entered in the other cases on the authority of that opinion. In so doing we expressly stated that we made no decision on the propriety and validity of the exercise of the power.

The petitions for rehearing assert that the Commission in its application for certiorari in our No. 9289 said that in the event certiorari was granted it reserves "the right to argue additionally that the Commission reasonably exercised its power in directing the refunds which it ordered in these proceedings." This action is said to be a change of position which deprives the petitioners of their right to be heard in this court on the exercise of the power. The ambivalence of the Commission is something beyond our control. We adhere to our view that we are not concerned with the exercise of a nonexistent power. If it should be held on Supreme Court review that we are wrong in our decision as to the existence of the power, we are ready to consider then the manner of the exercise of the power.

The petitions for rehearing and for stay of mandate are severally denied.